UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IREDEL SANDERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:19-cv-00130-PPS-MGG |
| DUCOMB CENTER, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant, Ducomb Center, by counsel, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, files this Memorandum of Law in Support of its Motion to Dismiss.

**I. FACTUAL BACKGROUND**

Plaintiff Iredell Sanders filed a Complaint against Defendant Ducomb Center for what appears to be his arrest at the Ducomb Center. From what Defendant can parse together from Plaintiff's complaint, Plaintiff went to the Ducomb Center on multiple occasions requesting to speak to a counselor, and ultimately the police were called and Plaintiff was placed on a psychiatric hold at Oaklawn, and then taken from Oaklawn to the St. Joseph County Jail.

Ducomb Center, however, is not a suable entity. Ducomb Center is the name of a building owned by St. Joseph County. It is the location where the County operates a "community corrections program," pursuant to Ind. Code § 11-12-1 *et* seq. and Ind. Code § 11-12-2 *et seq.* The community corrections program is defined in Ind. Code § 11-12-1-1 as "a community based program that provides preventive services, services to offenders,

1

services to persons charged with a crime or an act of delinquency, services to persons diverted from the criminal or delinquency process, services to persons sentenced to imprisonment, or services to victims of crime or delinquency, and is operated under a community corrections plan of a county and funded at least in part by the state subsidy" under Ind. Code § 11-12-1 *et seq.* and Ind. Code § 11-12-2 *et seq*. The community corrections advisory board is established by resolution of the county in order for the County to receive the state subsidy. *See* Ind. Code § 11-12-2-2.

## II.  STANDARD OF REVIEW

The Plaintiff's Complaint should be dismissed based on Rules 12(b)(6) of the Federal Rules of Civil Procedure because it is not a lawsuit against an entity that can sue or be sued.

In deciding Defendant's Rule 12(b)(6) motion, the Court must accept well-pleaded facts, but should ignore "bald allegations" or "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is required unless a plaintiff's well-pleaded facts support "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, "a plaintiff must do better than put[ ] a few words on paper that, in the hands of the imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

"A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also*

2

*Adams*, 742 F.3d at 729 ("By emphasizing a plausibility requirement, *Twombly* and *Iqbal* obviously require more than mere notice."). Finally, pleadings that are "no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

A plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555.  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"And while pro se plaintiffs are afforded a wider canvas on which to present their claims, the court need not accept a plaintiff's legal conclusions or conclusory allegations, which are insufficient to defeat a motion to dismiss." *Phillips*, 2017 U.S. Dist. LEXIS 130183, at *5 (citing *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Under these clear guidelines, Plaintiff's claim should be dismissed.

### III. ARGUMENT

The Plaintiff's Complaint fails because Plaintiff failed to bring his claim against a suable entity.  "Municipalities and other local government units are included among the persons to whom § 1983 liability applies." *Martin v. Fort Wayne Police Dep't,* 2010 U.S. Dist. LEXIS 124481, *6 (N.D. Ind. 2010).  The United States Supreme Court has instructed that local government liability under § 1983 "is dependent on an analysis of state law." *McMillian v. Monroe County,* 520 U.S. 781, 786 (1997). Under Indiana law, a "[m]unicipal corporation" is a "unit, … or other separate local governmental entity that may sue and be sued." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting Ind. Code § 36–1–2–10).  A

"'[u]nit' means county, municipality, or township," and a "[m]unicipality" is a "city or town." *Sow*, 636 F.3d at 300 (quoting Ind.Code § 36–1–2–23 and Ind.Code § 36–1–2–11). Ducomb is not a unit, nor is it a municipality or municipal corporation. Instead Ducomb Center is merely the name of a building which houses a program established by St. Joseph County pursuant to statute. The Courts have consistently held that a plaintiff cannot maintain a claim against a building. *See Harbin v. St. Joseph County Jail*, 2015 U.S. Dist. LEXIS 99472, *3 (N.D. Ind., July 30, 2015); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Accordingly, Plaintiff's Complaint against Ducomb Center should be dismissed.

## IV.  CONCLUSION

For the reason stated above, Defendant, Ducomb Center, by counsel, respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim, specifically for failure to name a suable entity, and for all other just and proper relief.

Respectfully submitted,

  s/   Stephanie L. Nemeth
Peter J. Agostino                                  (#10765-71)
Stephanie L. Nemeth                         (#25721-71)
ANDERSON AGOSTINO & KELLER, P.C.
131 South Taylor Street
South Bend, IN  46601
Telephone:  (574) 288-1510
Facsimile:  (574) 288-1650
Email:  agostino@aaklaw.com
            nemeth@aaklaw.com

*Attorneys for Defendant*

4

CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that on the 6th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I hereby certify that I have mailed by United States Postal Service to the following non-CM/ECF participants: Iredell Sanders, 116 N. Olive St., South Bend, IN  46628.

                                              s/ Stephanie L. Nemeth
                                              Stephanie L. Nemeth (#25721-71)